UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISHEVA ANANYAH FEINBERG-TOMAHAWK,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No.   14-cv-02275-JD<br><br>**ORDER GRANTING EX PARTE TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 1 |

Plaintiff has filed a complaint and an ex parte application for a temporary restraining order ("TRO")[1] against Defendants City and County of San Francisco, San Francisco Department of Animal Care and Control ("SFDACC"), and two individual employees of SFDACC.  Dkt. No. 1.

Plaintiff alleges that Defendants violated her First, Fourth, Fifth and Fourteenth Amendment rights when they refused to release her dog, NightShade, from the custody of SFDACC unless Plaintiff agreed to allow NightShade to be neutered.  *Id.* at 1-2.  SFDACC said that NightShade had to be neutered because he is a Staffordshire Terrier or Pit Bull, a member of a "dangerous breed."  *Id.* at 2.  Plaintiff made a written request to SFDACC for a review and fair evaluation of NightShade's breed and breeding permits.  *Id.* at 8.  SFDACC rejected her applications.  *Id.*  Plaintiff contends that NightShade is currently being held by SFDACC and is scheduled to be neutered on May 16, 2014.  *Id.* at 4.

Under Federal Rule of Civil Procedure 65(b), a court may issue an ex parte TRO if: (1) it clearly appears that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition; and (2) the applicant's

---

[1] Because Plaintiff is proceeding *pro se*, her filings are to "liberally construed."  *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007).

attorney certifies to the court in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required.  Fed. R. Civ. Pro. 65(b); *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006).  Notice may be excused when "a known party cannot be located in time for a hearing." *McCord*, 452 F.3d at 1131.  Temporary restraining orders granted ex parte are to be "restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 438-39, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974); *McCord*, 452 F.3d at 1131.

The Court finds Plaintiff has shown that, absent a temporary restraining order, immediate and irreparable injury, loss, or damage will result before Defendants can be heard in opposition.  Accordingly, Defendants are enjoined from neutering or disposing of NightShade for 10 days, until May 26, 2014, at 5:00 p.m.

Plaintiff will serve all Defendants with the Complaint, associated filings, and this Order by no later than May 19, 2014 and will file a proof of service of same with the Court by no later than May 20, 2014.  Once service has properly been effectuated, the Court will set a hearing for the matter.  Defendants may apply to the Court for modification or dissolution of the instant Order upon two days' notice to Plaintiff.

**IT IS SO ORDERED.**

Dated:  May 16, 2014

_____
JAMES DONATO
United States District Judge