UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISHEVA ANANYAH FEINBERG-TOMAHAWK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, *et al.*,<br><br>　　　　Defendants. | Case No. 14-cv-02275-JD<br><br>**ORDER DENYING PETITION FOR WRIT OF ADMINISTRATIVE MANDAMUS**<br><br>Re: Dkt. No. 15 |

### INTRODUCTION

Plaintiff filed a Petition for Writ of Administrative Mandamus pursuant to California Code of Civil Procedure § 1094.5, directed at Respondents City and County of San Francisco ("CCSF"). Dkt. No. 15. The Court denies Plaintiff's Petition for lack of jurisdiction.

### BACKGROUND

On May 16, 2014, Plaintiff filed a complaint and an ex parte application for a temporary restraining order ("TRO") against Defendants CCSF, San Francisco Department of Animal Care and Control ("SFDACC"), and two individual employees of SFDACC. Dkt. No. 1. The complaint alleges that Defendants violated Plaintiff's First, Fourth, Fifth and Fourteenth Amendment rights when they refused to release her dog, NightShade, from the custody of SFDACC unless Plaintiff agreed to allow the dog to be neutered. *Id.* at 1-2. The Court granted Plaintiff's ex parte temporary restraining order on May 16, 2014, (Dkt. No. 5), and set a hearing on Plaintiff's motion for a preliminary injunction for May 23, 2014, (Dkt. No. 9).

At the hearing, the Court found that Plaintiff had not met her burden of establishing that she was entitled in a preliminary injunction, and dissolved the temporary restraining order issued May 16, 2014. *See* Dkt. No. 14. The CCSF agreed during the hearing to provide Plaintiff with a

United States District Court
Northern District of California

breed determination hearing pursuant to San Francisco Health Code § 43(b) on May 27, 2014, at a time agreeable to Plaintiff. *See id.*

On May 30, 2014, Plaintiff filed the instant Petition for Writ of Administrative Mandamus. Dkt. No. 15.[1] The Petition states that Plaintiff was "a little over a half hour late to the hearing" on May 27, 2014, and was "deemed to have forfeited her right to a hearing." *Id.* at 4. An employee of SFDACC subsequently emailed Plaintiff a notice of decision that NightShade is "predominantly a pit bull" and advised Plaintiff to "apply to the courts for a Writ of Administrative Mandamus." *Id.* The Petition requests relief of an administrative mandamus pursuant to California Code of Civil Procedure § 1094.5, as well as compensatory money damages. *Id.* at 5.[2]

**DISCUSSION**

Federal courts -- unlike state courts -- are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (internal citation omitted).

It is well settled that federal courts lack jurisdiction to issue writs of mandamus to direct either state officials or state courts in the performance of their duties. *See Demos v. U.S. Dist. Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991); *In re Rodriguez*, No. C-12-4435 EMC, 2012 WL 4902679, at *1 (N.D. Cal. Oct. 15, 2012); *Brown v. Court of Appeals--Third Dist.*, No. C-11-3464

---

[1] The Petition is not signed by Plaintiff in violation of Federal Rule of Civil Procedure 11. Our circuit court of appeals has clearly stated that Rule 11 "explicitly applies to parties not represented by attorneys" and that a "district court is [] not at liberty to exempt automatically such persons from the rule's requirements." *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994). While the Court does not automatically exempt Plaintiff from the requirements of Rule 11, the Court advises Plaintiff that she must comply with all Federal Rules of Civil Procedure, as well as the Civil Local Rules, in all future filings before this Court.

[2] Plaintiff also contends that she has been subject to economic coercion by CCSF, and that the San Francisco Health Codes "which deal with pit bulls and breed determination restrictions are facially unconstitutional and unconstitutional as applied, under the 4th, 5th, and 14th amendments." Dkt. No. 15 at 3. In this Petition, the Court has not been asked to rule on those issues, and declines to do so. The constitutionality of the San Francisco Health Codes was raised in Plaintiff's complaint (Dkt. No. 1), and a hearing on Defendants' Motion to Dismiss those claims is set for July 23, 2014, (Dkt. No. 14). Thus, Plaintiff will have her day in court on that issue.

TEH, 2012 WL 368376, at *1 (N.D. Cal. Feb. 3, 2012); *Williams v. Supreme Court of Cal.*, No. C 10-3834 JSW, 2010 WL 4065409, at *1 (N.D. Cal. Oct. 4, 2010).  A petition for a writ of mandamus to compel a state court or official to take or refrain from some action is "frivolous as a matter of law." *In re Rodriguez*, 2012 WL 4902679, at *1; *Demos*, 925 F.2d at 1161-62.  As such, this Petition is dismissed.  Plaintiff's mandamus remedy, if any, lies in state court.

**IT IS SO ORDERED.**

Dated: June 5, 2014

_____
JAMES DONATO
United States District Judge