UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISHEVA ANANYAH FEINBERG-TOMAHAWK,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 14-cv-02275-JD<br><br>**ORDER GRANTING MOTION TO DISMISS AND DISMISSING CASE FOR FAILURE TO PROSECUTE**<br><br>Re: Dkt. No. 19 |

## INTRODUCTION

Defendant City and County of San Francisco ("CCSF") filed a Motion to Dismiss Plaintiff Elishiva Ananyah Feinberg-Tomahawk's Complaint. *See* Dkt. No. 19. Ms. Feinberg-Tomahawk, who is litigating this action pro se, did not file a response to CCSF's motion. The Court vacated the hearing on this motion and issued an Order to Show Cause why the Motion to Dismiss should not be granted. Dkt. Nos. 20, 21. The Order to Show Cause required Ms. Feinberg-Tomahawk to respond by July 17, 2014, and stated that her failure to respond could result in this case being dismissed for failure to prosecute. Dkt. No. 20. Ms. Feinberg-Tomahawk did not respond to the Order to Show Cause. The Court now grants CCSF's Motion to Dismiss and dismisses this case -- without prejudice -- for failure to prosecute.

## BACKGROUND

On May 16, 2014, Ms. Feinberg-Tomahawk filed a complaint and an ex parte application for a temporary restraining order against Defendants City and County of San Francisco, San Francisco Department of Animal Care and Control ("SFDACC"), and two individual employees of SFDACC. Dkt. No. 1. The complaint alleges that Defendants violated her First, Fourth, Fifth

1    and Fourteenth Amendment rights when they refused to release her dog, NightShade, from the
2    custody of SFDACC unless she agreed to allow the dog to be neutered. *Id*. at 1-2.
3          In its Motion to Dismiss, CCSF contends that the complaint should be dismissed for failure
4    to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 12(e). CCSF contends that the
5    challenged ordinance regulating pit bulls is constitutional, and Ms. Feinberg-Tomahawk failed to
6    allege -- with sufficient facts to support her claim -- how the ordinance violates her constitutional
7    rights. Dkt. No. 19 at 4. CCSF further asserts that this ordinance has twice survived a challenge
8    to its constitutionality. *Id.* (citing *Am. Canine Found. v. Sun*, No. C-06-4713 MMC, 2007 WL
9    878573 (N.D. Cal. Mar. 21, 2007); *Coal. of Human Advocates for K9's and Owners v. City and
10   Cnty of San Francisco*, No. C-06-1887 MMC, 2007 WL 641197 (N.D. Cal. Feb. 27, 2007)).
11   Finally, CCSF contends that it rightfully took custody of NightShade, as the dog was wandering at
12   large when it was taken into custody. *Id.* at 5.
13         Ms. Feinberg-Tomahawk did not file an opposition to CCSF's Motion to Dismiss within
14   the required time as provided by Civil Local Rule 7-3. Under Rule 7-3, any opposition or
15   statement of non-opposition must be filed by no later than 21 days before the noticed hearing date.
16   In light of Ms. Feinberg-Tomahawk's pro se status, the Court did not immediately dismiss the
17   complaint but instead issued an Order to Show Cause directing Ms. Feinberg-Tomahawk to
18   explain why CCSF's motion should not be granted, and warned her that failure to respond could
19   result in dismissal. Dkt. No. 20. Ms. Feinberg-Tomahawk did not respond to the Order to Show
20   Cause.

**DISCUSSION**

22   Federal Rule of Civil Procedure 41(b) provides the Court with authority to dismiss a case
23   for failure to comply with any of its orders. Fed. R. Civ. P. 41(b); *see Ferdik v. Bonzelet*, 963 F.2d
24   1258, 1260 (9th Cir. 1992). A party's failure to file an opposition to a motion to dismiss in
25   accordance with the Civil Local Rules, alone, is grounds for dismissal. *See Espinosa v.
26   Washington Mut. Bank*, No. C 10-04464 SBA, 2011 WL 334209, at *1 (N.D. Cal. Jan. 31, 2011)
27   (dismissing case for failing to oppose motions to dismiss and failing to comply with the court's
28   scheduling orders) (citing *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming district

court's dismissal for failure to respond to motion to dismiss)). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Id.* (citing *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002)).

These factors weigh in favor of dismissal. Ms. Feinberg-Tomahawk did not respond to CCSF's motion in compliance with the Local Rules and then failed to respond to the Court's Order to Show Cause. With respect to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). For the second factor, the Court must be able to manage its docket "without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642; *see also Ferdik*, 963 F.2d at 1261 (discussing that non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket."). For the third factor, due to Ms. Feinberg-Tomahawk's failure to respond to either the Motion to Dismiss or this Court's Order to Show Cause, she has offered no explanation for her failure. This weighs strongly in favor of dismissal. *See Espinosa*, 2011 WL 334209, at *2. With respect to the fourth factor, the Court already issued an Order to Show Cause, which provided Ms. Feinberg-Tomahawk with additional notice of the pending motion to dismiss, as well as additional time to respond to the merits of that motion. *See* Dkt. No. 20. The Court's issuance of the Order to Show Cause satisfies the consideration of less drastic sanctions requirement. *See Ferdik*, 963 F.2d at 1262. Although the fifth factor -- the public policy favoring disposition of cases on their merits -- might weigh against dismissal on its own, the cumulative weight of the other factors overrides it. *See Pagtalunan*, 291 F.3d at 643 (finding district court did not abuse its discretion in dismissing case where three of the five factors weighed in favor of dismissal).

3

## CONCLUSION

Because the relevant factors weigh in favor of granting the unopposed motion to dismiss, the Court grants that motion and dismisses this case in its entirety. This dismissal, however, is without prejudice.[1] Ms. Feinberg-Tomahawk may file an Amended Complaint that addresses the issues raised in CCSF's Motion to Dismiss within the next 21 days. Ms. Feinberg-Tomahawk's failure to file an Amended Complaint within that time period will lead to dismissal of this case with prejudice for failure to prosecute.

Ms. Feinberg-Tomahawk should be aware that there is free legal assistance available to litigants without lawyers in federal court. Assistance at the Legal Help Center is available to anyone who is representing him- or herself in a civil lawsuit in the San Francisco or Oakland divisions of the United States District Court for the Northern District of California. The Legal Help Center is located in the federal courthouse in San Francisco: 450 Golden Gate Avenue, 15th Floor, Room 2796. Assistance is provided by appointment only, and appointments are held in person at the Legal Help Center. A litigant may schedule an appointment by signing up in the appointment book located on the table outside the door of the Center or by calling the Legal Help Center appointment line at 415-782-8982. Ms. Feinberg-Tomahawk is encouraged to seek assistance from the Legal Help Center in amending the complaint.

**IT IS SO ORDERED.**

Dated: July 28, 2014

JAMES DONATO
United States District Judge

---

[1] Dismissal with prejudice of a complaint under Rule 41(b) is a "harsh penalty that should be imposed only in extreme circumstances." *Ferdik*, 963 F.2d at 1260.

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISHEVA ANANYAH FEINBERG-TOMAHAWK,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>        Defendants. | Case No.  14-cv-02275-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 7/29/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Elisheva Ananyah Feinberg-Tomahawk
492 15th Avenue
San Francisco, CA 94118


Dated: 7/29/2014


Richard W. Wieking
Clerk, United States District Court


By *Lisa R. Clark*
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO