UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISHEVA ANANYAH FEINBERG-TOMAHAWK,<br><br>            Plaintiff,<br><br>   v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>            Defendants. | Case No.  14-cv-02275-JD<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |

## INTRODUCTION

Defendant City and County of San Francisco ("CCSF") filed a Motion to Dismiss Plaintiff Elishiva Ananyah Feinberg-Tomahawk's Complaint. *See* Dkt. No. 19. Ms. Feinberg-Tomahawk, who is litigating this action pro se, did not file a response to CCSF's motion. The Court vacated the hearing the motion and issued an Order to Show Cause why the Motion to Dismiss should not be granted. Dkt. Nos. 20, 21. The Order to Show Cause required Ms. Feinberg-Tomahawk to respond by July 17, 2014, and stated that her failure to respond could result in this case being dismissed for failure to prosecute. Dkt. No. 20. Ms. Feinberg-Tomahawk did not respond to the Order to Show Cause. On July 29, 2014, the Court granted the Motion to Dismiss and dismissed the case -- without prejudice -- for failure to prosecute. Dkt. No. 22. Ms. Feinberg-Tomahawk was ordered to file an amended complaint within 21 days or the Court would dismiss this case with prejudice for failure to prosecute. *Id.* Because no amended complaint was filed in that period, this case is dismissed with prejudice.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) provides the Court with authority to dismiss a case for failure to comply with any of its orders. Fed. R. Civ. P. 41(b); *see Ferdik v. Bonzelet*, 963 F.2d

1258, 1260 (9th Cir. 1992).  "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  *See Espinosa v. Washington Mut. Bank*, No. C 10-04464 SBA, 2011 WL 334209, at *1 (N.D. Cal. Jan. 31, 2011) (citing *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002)).

These factors weigh in favor of dismissal.  Ms. Feinberg-Tomahawk did not respond to CCSF's motion in compliance with the Local Rules, failed to respond to the Court's Order to Show Cause, and then failed to file an amended complaint.  With respect to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal."  *Id.* (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  For the second factor, the Court must be able to manage its docket "without being subject to routine noncompliance of litigants."  *Pagtalunan*, 291 F.3d at 642; *see also Ferdik*, 963 F.2d at 1261 (discussing that non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket.").  For the third factor, due to Ms. Feinberg-Tomahawk's failure to respond to the Motion to Dismiss, this Court's Order to Show Cause, or file an amended complaint, she has offered no explanation for her failure.  This weighs strongly in favor of dismissal.  *See Espinosa*, 2011 WL 334209, at *2.  With respect to the fourth factor, the Court gave Ms. Feinberg-Tomahawk an opportunity to file an amended complaint even despite her failure to respond to the motion to dismiss or the Court's Order to Show Cause.  *See* Dkt. No. 22.  This is sufficient to satisfy the consideration of less drastic sanctions requirement.  *See Ferdik*, 963 F.2d at 1262.  Although the fifth factor -- the public policy favoring disposition of cases on their merits -- might weigh against dismissal on its own, the cumulative weight of the other factors overrides it.  *See Pagtalunan*, 291 F.3d at 643 (finding district court did not abuse its discretion in dismissing case where three of the five factors weighed in favor of dismissal).

## CONCLUSION

Because Ms. Feinberg-Tomahawk was notified that her failure to file an amended complaint would lead to dismissal of this case with prejudice for failure to prosecute, and she failed to file an amended complaint within the time period allowed by the Court, the case is dismissed with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September 3, 2014

_____
JAMES DONATO
United States District Judge